IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2005 DEC 23 P 2: 48
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BEN HAIGLER,

    Plaintiff,

v.                                    Case Number 2:05CV1224-W

WAREHOUSE SERVICES, INC.              JURY DEMAND
formerly doing business as
Industrial Transport Services, LLC,

    Defendant.

## COMPLAINT

Ben Haigler, Plaintiff, appearing by and through his counsel, complains and alleges a cause of action as follows:

### I. JURISDICTION AND VENUE

1. This court has jurisdiction of the claim herein pursuant to 42 U.S.C. §2000e-5(f) (3), 28 USC §§1331 and 1343(4). This civil action arises under the laws of the United States. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

2. Venue herein is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f) 93). Warehouse Services, Inc., is a corporate resident of the State of Alabama, doing business therein, and the unlawful employment practice of which plaintiff is complaining was committed in the State of Alabama.

## II. PARTIES

3. Plaintiff, Ben Haigler, is an individual, an African-American, and has resided at 5030 Lamar Road, Lot 11, Hope Hull, Alabama 36043 at all times pertinent hereto. At all time relevant hereto Plaintiff was employed by defendant.

4. Defendant, Warehouse Services, Inc is a corporation doing business in the State of Alabama, Defendant has had a place of business in Montgomery County, Alabama at all times pertinent hereto. At all times pertinent hereto, Defendant has been engaged in industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

## III. PROCEDURAL REQUIREMENTS

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirement of 42 U.S.C. §2000-e et seq.. The charge was filed within 180 days of the unlawful employment practice. On or about September 27, 2005, less than 90 days prior to the filing of this complaint, the Equal Employment Opportunity Commission, issued to Plaintiff a Notice of Right to Sue with respect to the charge of discrimination. (See Attached)

6. The incidents described in Part IV below constitute a violation of Plaintiff's Title VII rights.

## IV. CLAIM FOR RELIEF

7. Plaintiff is an African-American and as such is a member of a group protected under Title VII from discrimination on the basis of race.

8. Plaintiff avers that in or about May 2002, he was assigned the duties of a supervisor after the former supervisor a Caucasian male had left the employ of defendant, however he was not compensated as a supervisor.

9. Plaintiff avers that in January 2003, defendant hired a Caucasian male as supervisor, and paid him supervisor's pay rate; and denied him continued request for a promotion and compensation as a supervisor based solely on the race of plaintiff, and there were no other justifiable factors indifferent treatment.

10. Plaintiff avers that he worked in a supervisor's position, had duties of a supervisor, but employer failed to give him the requisite pay;

11. Plaintiff further avers that he was denied privileges as a supervisor due to this race in that the white male hired subsequent to the Plaintiff performed that same duties with more pay then that of the Plaintiff.

12. Plaintiff avers that he was treated differently.

WHEREFORE, Plaintiff respectfully prays that this court:.

a.. Award Plaintiff back pay and front pay.

d. Award Plaintiff punitive damages for $150,000.00.

e. Award Plaintiff attorney's fees, including expert witness fees, pursuant to 42 USC 2003-5(k).

f. Award Plaintiff costs, interest, and such other relief, as this Court may deem proper.

*Deborah M.*
Deborah M. Nickson
2820 Fairlane Drive, Ste,. A-10
Montgomery, Alabama 36116
334-213-1233
Fax: 334-213-1234